UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEAN BOWERS, ET AL | CIVIL ACTION |
| VERSUS | NO. 06-596 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on the issue of whether the jurisdictional minimum amount in controversy existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's suit seeks damages for unpaid Katrina-related damages allegedly owed under a homeowners policy issued by the defendant. It was removed on the basis of federal question jurisdiction under the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.* ("NFIA") and diversity.[1] The petition contains the statement that "Plaintiffs stipulate that the damages arising from this matter are less than $75,000.00." (Pet., ¶ XIV). This matter was temporarily transferred to Judge Vance, who found that

---

[1] There is no issue that the Court lacks federal question jurisdiction under NFIA.

the stipulation was not sufficiently binding for purposes of La. Code Civ. P. art. 862 and under the reasoning in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.)(J. Vance).  Judge Vance subsequently transferred this matter back to the undersigned, and supplemental memoranda on the issue of the existence of the jurisdictional amount were ordered.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

This Court has consistently ruled that a stipulation such as that contained in the petition here compels remand in the absence of affirmative proof that the plaintiff's claim exceeds the jurisdictional amount.   Here, the Court finds that defendant has not met its burden of showing that the jurisdictional amount is facially apparent.   The Court construes the plaintiff's stipulation as "binding" and finds that it is otherwise significant evidence of the amount in controversy for present purposes.   The defendant presents no other proof that the jurisdictional minimum existed at the relevant time. To the extent that the petition also references Louisiana's Valued Policy Law, :a. Rev.Stat. § 22:695(A) ("VPL"), the Court recognizes that it is the amount of the plaintiff's claim, and not the policy limits, which determines whether the jurisdictional minimum existed at the time of removal.   Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 23rd day of May, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE